IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CCB LLC, et al.,
    Plaintiffs,

v.                                      Case No. 3:10cv228/LAC/EMT

BANKTRUST,
    Defendant.
_____/

**O R D E R**

    This cause is before the court upon an "Objection and Motion by Non-Party [David E. Fleisher] to Quash or Modify Subpoena Seeking Deposition and Production of Documents" (Doc. 34). In the motion non-party Fleisher (hereafter "Fleisher") seeks an order quashing a subpoena issued by Plaintiff CCB LLC, which was served upon Fleisher on September 30, 2010, and which requires Fleisher to appear for a deposition and produce certain documents at a stated location on October 11, 2010, at 9:30 a.m. (*see* Doc. 34 & Ex. A).[1]

    The court notes that Fleisher's motion to quash (Doc. 34) was filed on October 11, 2010, at 9:03 a.m., a mere twenty-seven minutes before the time Fleisher was required to appear for his deposition and produce documents. Initially, such a small amount of time is clearly insufficient for any court to issue a meaningful and timely order, especially considering that it provides no time for the filing of a response to the motion by the party issuing the subpoena. Moreover, with regard to the subpoena at issue here, there was absolutely no time to take any action on Fleisher's motion, as the United States Courthouse for the Northern District of Florida was closed in observance of the Columbus Day Holiday on October 11, 2010, the day Plaintiff's motion was filed. Thus, for all intents and purposes, Fleisher's motion was not filed until the day <u>after</u> he was scheduled to appear for deposition (that is, on October 12, 2010, the first day of business following the federal holiday, and the day on which the instant motion was brought to the attention of the undersigned).

---

[1] The subpoena reflects that Fleisher's address is in Destin, Florida and that the deposition was scheduled to take place in Fort Walton Beach, Florida (*see* Doc. 34, Ex. A).

Fleisher's motion, therefore, is due to be denied as untimely. *See, e.g.,* U.S. v. Portland Cement Co. of Utah, 338 F.2d 798, 803 (10th Cir. 1964) (protective orders must be obtained prior to taking of depositions); United States v. Int'l Business Machines Corp., 70 F.R.D. 700, 701 (S.D.N.Y. 1976) (same); Mitsui & Co. v. Puerto Rico Water Resource Authority, 93 F.R.D. 62, 67 (D.P.R. 1981) (failure to timely move for protective order precludes objection later); *see also* Truxes v. Rolan Elec. Corp., 314 F. Supp. 752, 759 (D.P.R. 1970); Wong Ho v. Dulles, 261 F.2d 456, 460 (9th Cir. 1958); Marriott Homes, Inc. v. Hanson, 50 F.R.D. 396, 400 (W.D. Mo. 1970); 8A C. Wright & A. Miller, Federal Practice, § 2035 (2010).[2]

Accordingly, it is **ORDERED**:

The "Objection and Motion by Non-Party to Quash or Modify Subpoena Seeking Deposition and Production of Documents" (Doc. 34) is **DENIED** as untimely.

**DONE AND ORDERED** this 14th day of October 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] In some circumstances failure to attend a deposition may be excused, even in the absence of a motion for a protective order. *See, e.g.*, International Business Machines Corp., 79 F.R.D. at 414 (timeliness rule may not apply if there has been no opportunity to file a motion for protective order) (citing 8 C. Wright & A. Miller, Federal Practice and Procedure, § 2035). Courts have also found "substantial justification" for nonattendance on the basis of the deponent's serious illness, Hyde & Drath v. Baker, 24 F.3d 1162, 1171–72 (9th Cir. 1994), and inconvenience and expense of traveling, Speidel v. Bryan, 164 F.R.D. 241, 244 (D. Or. 1996). On the other hand, courts have rejected excuses such as withdrawal of local counsel, Lew v. Kona Hospital, 754 F.2d 1420, 1426–27 (9th Cir. 1985), a deponent's discharge of counsel, East Boston Ecumenical Community v. Mastrorillo, 133 F.R.D. 2, 3–4 (D. Mass. 1990), and inadvertence, T.B.I. Industrial Corp. v. Emery Worldwide, 900 F. Supp. 687, 694 (S.D.N.Y. 1995).

The court finds no circumstances here that would excuse the late filing of Fleisher's motion. As previously noted, Fleisher was served with the subpoena approximately eleven days before the scheduled date of the deposition and thus had an opportunity to timely file a motion to quash; he has not asserted that he was ill or otherwise unable to attend the deposition (rather, his objections are based on claims that Plaintiff's subpoena failed to provide a reasonable time to comply with that part of the subpoena commanding the production of documents, called for the production of "privileged or other protected matter," or otherwise subjected Fleisher to undue burden (*see* Doc. 34 at 2)); and Fleisher's deposition was scheduled in a neighboring town, so it would not have been inconvenient or expensive to attend the deposition. While the court appreciates Fleisher's efforts to resolve the disputed matters with Plaintiff prior to filing the instant motion (*see, e.g.*, Doc. 34, Exs.), Fleisher was nevertheless obligated to bring the dispute before the court in a timely matter.

Case No.: 3:10cv228/LAC/EMT