# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

CCB, L.L.C., A Florida Limited Liability
Company; CHARLES B. BARNIV;
CYNTHIA BARNIV; and BRUCE G. WITKIND,

    Plaintiffs,

v.                                        Case No. 3:10-cv-228/LAC/EMT

BANKTRUST, an Alabama Banking
Corporation,

    Defendant.

_____/

## ORDER

This cause comes before the Court on Defendant BankTrust's Motion to Lift Stay and Dismiss Action with Prejudice (Doc. 209), which BankTrust later supplemented (doc. 222). BankTrust seeks an order lifting the stay of proceedings this Court entered on January 3, 2011, and dismissal of the case with prejudice. Plaintiffs have filed responses (docs. 212, 223) which do not oppose the lifting of the stay but do oppose dismissal.

The basis of this cause of action is a loan BankTrust made to Plaintiff CCB which was secured by a mortgage on real properties located in Walton County, Florida. The loan was

guaranteed by Plaintiffs Charles Barniv, Cynthia Barniv and Bruce Witkind. In August of 2009, BankTrust filed a foreclosure action against Plaintiffs in the Circuit Court of Walton County, alleging that CCB had defaulted on the loan. Plaintiffs filed counterclaims asserting breach of fiduciary duty, constructive fraud, violation of mortgage brokerage and lending laws, fraud, and violations of state and federal RICO acts against BankTrust. On June 25, 2010, Plaintiffs also filed this federal action, asserting essentially the same claims as those asserted as counterclaims in the state action.

On January 3, 2011, pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813, 817, 96 S. Ct. 1236, 1244, 1246, 47 L .Ed2d 483 (1976), this Court stayed this federal case pending the outcome of the state proceedings in Walton County. As the state action proceeded, BankTrust moved for and was granted summary judgment as to all of Plaintiffs' counterclaims. Final judgment was entered on March 21, 2013. *See* doc. 222, ex. A.

This Court entered a stay in this case for the same underlying reason that BankTrust now moves for dismissal, and that is that both the state and federal causes of action, which this Court found to be parallel under the *Colorado River* analysis, involve virtually the same claims or defenses and parties. Indeed, it has been widely held that abstention of a federal case pursuant to the *Colorado River* doctrine anticipates that, after the state court imposes judgment, dismissal will follow in federal court as a matter of *res judicata*. *See Moorer v. Demopolis Waterworks and Sewer Bd.*, 374 F.3d 994, 998 (11th Cir. 2004); *R.C. Wegman*

*Const. Co. v. Admiral Ins. Co.*, 687 F.3d 362, 364 (7th Cir. 2012); *Bagdasarian Productions, LLC v. Twentieth Century Fox Film Corp.*, 673 F.3d 1267, 1270-71 (9th Cir. 2012); *Council Rock School Dist. v. Bolick*, 462 Fed. Appx. 212, 214-15 (3rd Cir. 2012). This case is no exception, and Plaintiffs do not even attempt to argue against the fact that the issues raised in state court are virtually the same as those raised in this court.

The doctrine of *res judicata* forecloses subsequent litigation on matters that were litigated or could have been litigated in a prior litigation. *I.A. Durbin, Inc. v. Jefferson National Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986). Federal courts considering whether to give preclusive effect to state court judgments apply the law of the state. *Brown v. City of Hialeah*, 30 F.3d 1433, 1437 (11th Cir. 1994); *Stockton v. Lansiquot*, 838 F.2d 1545, 1546 (11th Cir. 1988), *cert. denied*, 488 U.S. 891, 109 S.Ct. 225, 102 L.Ed.2d 216 (1988). Under Florida law, *res judicata* puts to rest every justiciable issue upon the same cause of action and between the same parties. The first judgment is conclusive as to all matters which were or could have been determined, so long as there is: identity of the thing sued for; identity of the cause of action; identity of parties; identity of the quality in the person for or against whom the claim is made. *See Albrecht v. State*, 444 So.2d 8, 11-12 (Fla. 1984).

Plaintiffs' oppose BankTrust's motion solely on grounds that the state court was unable or unwilling to adequately address the claims of fraud they raised in their counterclaims against BankTrust. They assert that the state court failed or refused to entertain facts or expert opinion evidence that Plaintiffs sought to raise. However, review

of the record demonstrates evidence was excluded from the state court proceedings only because Plaintiffs failed to meet the deadline for the submission evidence during summary judgment, because BankTrust successfully moved to exclude certain testimony, and because Plaintiffs failed to comply with the state court's order requiring them to produce certain discovery documents.[1] *See* doc. 222, ex. 1. Otherwise, this Court finds that the state court thoroughly analyzed the facts before it in reaching its decision. Therefore, even if *res judicata* could be avoided as a matter of law through a showing of inadequacy in the state court forum or proceedings,[2] Plaintiffs have failed to show any inadequacy.[3]

Accordingly, the Court's ruling in this matter may be summarized as follows, and **IT IS HEREBY ORDERED:**

1. Defendant BankTrust's Motion to Lift Stay and Dismiss Action with Prejudice (Doc. 209) is **GRANTED**.

---

[1] The State Court, while it granted summary judgment to BankTrust on substantive grounds, nevertheless stated that it could have dismissed Plaintiffs' counterclaims on the basis of their refusal to produce the documents. *See* doc. 222, ex. 1 at n.1.

[2] A state judgment would not be given preclusive effect in federal court where the adversely affected party did not have a "full and fair opportunity" to litigate the claims involved, such that the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause were not met. *Treister v. City of Miami*, 893 F.Supp. 1057, 1064 (S.D. Fla. 1992) (citing and quoting *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481-82, 102 S.Ct. 1883, 1897-98, 72 L.Ed.2d 262 (1982)).

[3] And, since Plaintiffs have not shown that they were deprived of the opportunity to fully litigate their claims in state court, this Court perceives no basis from which to accept Plaintiffs' request to submit additional expert opinion regarding the merits of their fraud claims. Thus, Plaintiffs' previously filed motion for additional time in which to file this expert report, which the Court denied without prejudice, need not be revisited.

2. This action is hereby **DISMISSED** with prejudice, and the Clerk is directed to enter judgment in accordance with this Order and close the case.

**ORDERED** on this 17th day of May, 2013.

                                            s/ *L.A. Collier*
                                            Lacey A. Collier
                                    Senior United States District Judge